No. 12,936.

LOUIS SPIRO vs. WIDOW D. LEIBENGUTH, AND MR. AND MRS. THOMAS RUIZ, MR. AND MRS. CHARLES STOKES, MR. AND MRS. ED. LEVI, MR. AND MRS. WALTER HART, MISS CATHERINE LEIBENGUTH AND EMILE LEIBENGUTH,
*In Solido.*

The property upon which there was already a vendor's privilege, was sold to the creditor whose right was secured, as to its payment, by that privilege.

The creditor immediately sold it back to the debtor; his vendee surrendered his note and took new notes, (identified with the act of sale) for the amount due, secured by a vendor's privilege.

The amount was the same from the first, and was secured by a vendor's privilege.

There was no intention on the part of anyone to novate the obligation, and it was not novated.

In order to hold a privilege for amount due a physician for services during the last illness, it must be shown that such services were actually rendered during the last illness.

ON APPEAL from the Civil District Court for the parish of Orleans. *King, J.*

---

*Harold W. Newman* for Plaintiff and Appellee.

---

*R. A. Tichenor* for Mrs. Widow L. Leibenguth and Mrs. Thomas Ruiz, Intervenors and Third Opponents, Appellants.

---

Argued and submitted December 24, 1898.

Opinion handed down January 9, 1899.
Rehearing refused January 23, 1899.

---

The opinion of the court was delivered by

BREAUX, J.   This was an action of intervention and third opposition by a widow in necessitous circumstances, to recover one thousand dollars out of the estate of her husband and father of her minor children, also to have decreed null a vendor's privilege resting on the property on which she claims a privilege as just stated.

There were two third oppositions filed, claiming preference over the proceeds of the property offered for sale by public auction in foreclosure proceedings.

The second petition of intervention and third opposition was by one claiming a privilege as creditor of the succession of the deceased, being for funeral expenses and physician's services rendered, it is alleged, during the last illness of the late owner of the property seized and sold.

We take up for decision in the first place, the question growing out of the claims of the widow in necessitous circumstances from the alleged necessitous widow's claim.

The property on which privilege is claimed, was sold to the late Daniel Leibenguth on the 1st of September, 1895, for three thousand five hundred dollars.  Cash—one thousand dollars, and for the remainder, the vendee executed promissory notes, payable in one and two years, secured as to their payment by mortgage and vendor's privilege.

The holder of these notes, some time afterward, borrowed money, and gave his own note and the notes just referred to as security for the amount.

When the amount became due, the debtor desired an extension, which the creditor accorded.

In order to obtain the extension, the debtor, *i. e.,* the maker of the two notes secured by vendor's privilege (the late husband of petitioner and third opponent), sold the property to the creditor, Spiro.

The same day, the creditor sold back the property to Daniel Leibenguth, opponent's late husband.

The purchaser furnished his promissory note for the sum of two

thousand three hundred and twenty dollars to the owner of vendor (which was the amount due him), and retained for its payment a mortgage and vendor's privilege.

In these deeds it is declared that an amount of cash was paid.

There was no cash paid as shown by the testimony of witnesses, to the introduction of which no objection was offered.

The creditor has not been paid.

His vendors' privilege remained and was not destroyed or affected by the change in the form of the obligation.

One may consent to the substitution of new notes without thereby novating the debt.

The first vendor's privilege in favor of the creditors, continued in force.

We gather from the testimony that it was never the intention of the parties concerned to novate; without such intention is made evident in some way, there can be no novation.

A creditor who receives another note from his debtor in lieu of the old, does not thereby novate and extinguish the old debt.

There was no agreement looking to novation; on the contrary, we infer from the testimony, that all parties concerned were willing that the vendor's privilege should remain secured on the property.

The new debt was given with the same security that the creditor previously had on the property. "The pre-existent obligation must be extinguished; if only modified, and any stipulation of the original obligation remains there is no novation." Rosenda vs. Zabrizkie, 4 R. 493.

We have seen that the debt remained, and the vendor's privilege by which it was secured; although there were changes made in the contract in order to get the delay the creditor desired.

We pass to the claim of Mrs. Ruiz, intervenor and third opponent, who also claims a preference on the proceeds of the sale of the property on the ground that she paid debts of the succession secured by privilege, first in rank, as they were amounts due for the physician's services rendered to the deceased during the last illness and for the funeral.

As to the former, the testimony does not show that they were for the last illness.

The receipted bill, in evidence, sets forth, that the services were

rendered to the family of the deceased and the testimony did not disclose that the receipt was not correct.

Charges, not for the last illness, it follows, are not privileged.

With reference to the funeral expenses: the next claim of third opponent.

Natural obligation springs from equity, and conscience, and are obligations imposed by reasons of humanity and for the good of family.

From that point, a natural obligation is placed upon the child to pay the funeral expenses for laying to rest his father and mother, who leaves no property.

It follows, that the debt paid in this case can not be recovered against a third person who is a creditor of the succession, and that would be the effect if the amount were deducted from the proceeds on which the third opponent claims a privilege for funeral expenses paid by her.

Had it been paid by one, not an heir, it would be different.

Paid, however, by an heir, no action lies to compel a creditor to refund the amount from the proceeds of a sale on which he had a vendor's privilege.

Natural obligation to pay an indebtedness of the succession excludes one from recovering the amount from the debt to a third person.

Judgment affirmed.

